NATIONAL RUBBER SUPPLY CO. v. OLESON & EXTER et al.

(ASSELIN, Intervener.)

### SYLLABUS BY THE COURT.

Section 2175, Code 1915, provides that: "In a suit by or against the heirs * * * of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect to any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence." Held that, in order to satisfy the statute, the corroborating evidence must be such as would, standing alone and unsupported by the evidence of the claimant, tend to prove the essential allegation or issue raised by the pleadings.

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

National Rubber Supply Co. v. Oleson & Exter, 20 N. M. 624.

Action by the National Rubber Supply Company against Oleson & Exter and others, wherein Herbert Asselin, administrator of the estate of Joseph A. Nadeau, deceased, intervened. From judgment for plaintiff, interevener appeals. Reversed, with directions to award a new trial.

MARRON & WOOD of Albuquerque, for appellant.

The agreement being in writing the court erred in receiving or considering oral evidence to vary or change the terms thereof.

McCormick Harvesting Mach. Co. v. Markert, 107 Ia. 340, 78 N. W. 33; Kessler v. Smith (Minn.), 44 N. W. 794; Brewster v. Potraff (Mich.), 20 N. W. 823; Dixon v. Blondin (Vt.), 5 Atl. 514; Kinnard Co. v. Cutter Co. (Mass.), 34 N. E. 460; Lilienthal v. Suffolk Brewing Co. (Mass.), 12 L. R. A. 821; Succession of Welsh, 111 La. 801; Slatten v. Konrath, 42 Pac. 399; Finnegan v. Shaw, 184 Mass. 112; Milburn Gin Co. v. Ringold, 19 So. 675.

The testimony was not corroborated, and corroboration is required by law in this class of cases.

Gildersleeve v. Atkinson, 6 N. M. 250; Childers v. Hubbell, 15 N. M. 450.

H. C. MILLER of Albuquerque, for appellee.

Where the ambiguity arises from extrinsic or collateral matter it may be aided by parol evidence.

Jones' Blue Book on Evid., 319; 17 Cyc. 676.

The evidence of the sale was a memoranda, which is not subject to the prohibition of the parol evidence rule.

4 Wigmore on Evid., par. 2429; 3 Jones' Blue Book on Evid., p. 189; Page on Contracts, 570; 31 Pac. 109; 31 Ala. 711; Chamberlain v. Lesley, 22 So. 736.

The agreement was collateral and not inconsistent with the memoranda.

Brown v. Bowen, 2 N. W. 398; Ryder v. Faxon, 68 Am. St. R. 417; Durkin v. Cobleigh, 32 Am. St. R. 436.

National Rubber Supply Co. v. Oleson & Exter, 20 N. M. 624.

### BRIEF OF APPELLEE ON REHEARING.

While the court has power to order the trial court to enter judgment for appellant, such power will usually be exercised only when the court is convinced that the losing party in the appellate court cannot better his position on a new trial.

3 Cyc. 450; 2 R. C. L. 282.

### OPINION OF THE COURT.

ROBERTS, C. J.—The interevener, Herbert Asselin, as administrator of the estate of Joseph A. Nadeau, appeals from the judgment of the Bernalillo district court in favor of the plaintiff in an action in replevin, adjudging title to a quantity of bicycle tires in the plaintiff, and for the recovery of the value thereof. The record shows the following facts:

On October 7, 1913, plaintiff's agent and traveling salesman took the order of J. A. Nadeau, appellant's intestate, for the property in question. The memorandum of the sale was reduced to writing by the salesman, one copy given to Nadeau, and another copy sent to the plaintiff at Denver. This memorandum of the order was introduced in evidence as Exhibit A, and is as follows:

| Date Sale 10—7 | THE NATIONAL RUBBER SUPPLY CO., Exclusive Rubber Goods. | | |
|---|---|---|---|
| Terms 5% Apr. 10. | 1633 Court Place | | Denver, Colo. |
| | Sold to | J. H. Nadeau: | |
| Salesman Davidson | From | Albuquerque. | State N. M. |
| | Ship | Jan. 1st, via Frt. (Allowed) | |
| **Quantity.** | **Size** | **Description** | **Price** |
| 25 Pr. | 28 x 1½ | Nadeau Special.—X Red tires | 3.75 |
| | Same as | furnished heretofore | |
| 10 Pr. | 28 x 1½ | Erie Special | 2.75 |

22475 A.
Received Oct. 10, 1913
Answered 10

X Ord. 10. 24th

Upon receipt of the order at Denver, the goods were shipped at once, and were duly received by Nadeau at Albuquerque, and were in his place of business at the time of Nadeau's death, which occurred on the 20th day of November, 1913, and passed to the possession of the administrator, who sold them to the defendants Oleson & Exter. The plaintiff, on December 23, 1914, filed a complaint in replevin, alleging that the said tires were shipped under a misapprehension of fact. Later plaintiff filed an amended complaint, in which it was alleged that the tires were:

"Sold by the plaintiff to one J. A. Nadeau, with the agreement then and there made by and between the plaintiff and the said J. A. Nadeau that the title to the said tires should not pass from the plaintiff to the said J. A. Nadeau until the said J. A. Nadeau had paid to plaintiff a certain bill for material theretofore furnished the said Nadeau by the plaintiff."

This allegation was denied by the defendant, and upon the issue so made the cause proceeded to trial. Upon the

conclusion of the trial the court found, among other things:

> "That it was the intention of the plaintiff and J. A. Nadeau that the title to the goods described in the complaint should not pass to J. A. Nadeau until the performance of said condition," to-wit, the payment of the pre-existing indebtedness;

And the court further found:

> "That the testimony of the witness T. S. Davidson in this regard is corroborated by the written memorandum introduced in evidence as Plaintiff's Exhibit 1."

Upon the basis of these findings, the court held as a conclusion of law that:

> "The title to the property * * * did not pass to J. A. Nadeau by the delivery of the property before the performance or waiver of the condition."

And he entered judgment for the plaintiff, from which judgment this appeal is prosecuted.

While three points are relied upon for a reversal by appellants, it is only necessary to consider the question as to whether the testimony of the witness Davidson was sufficiently corroborated to justify the judgment, under section 2175, Code 1915, which reads as follows:

> "In a suit by or against the heirs * * * of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence."

The witness Davidson was an officer of the appellee company and the representative of such company in the transaction with the deceased, Nadeau, and appellee concedes that it was necessary to corroborate his testimony under the statute quoted, in order to entitle it to recover. The only evidence relied upon, for corroboration,

is the notation in the bill of sale, "Ship January 1st." This, appellee contends, satisfies the statute and justifies a recovery, in that it shows that deceased was not to receive the goods until after the date named. As we view the language, however, it is reasonably susceptible of the construction that appellee had sold to the deceased the tires in question, and the memorandum as to the date of shipment simply indicated the time when the order was to be filled. The company saw fit to fill the order before the designated date. The goods were received and accepted by deceased, under said order, some time in November. Not a word is contained in the memorandum as to the past-due account, or the title to the goods, further than the words, "Date sold, 10-7," and "sold to J. A. Nadeau," which would seemingly be contradictory to the claim now made, that title was not to pass until the prior past-due account was paid.

In practically all the other states in the United States, a claimant is precluded from testifying in his own behalf in support of a claim against a deceased person. We have made diligent search, and have been unable to find another similar statute in any of the other states. Section 10, chapter 73, Rev. St. Ontario 1897, copied in footnote 4, section 2065, Wigmore on Evidence, appears to be almost identical. In the case of Tucker v. McMahon, 11 Ont. 718, the court said:

> "In Finch v. Finch, 23 Ch. D. 267, Lindley, L. J., said: 'Evidence which is consistent with two views does not seem to me to be corroborative of either.' And I think the same is to be said with regard to the statements deposed to, that they are equally consistent with the absence as with the presence of any legal obligation upon the testator to pay plaintiff for her services."

The contents of this memorandum are just as consistent with the theory that title should pass immediately upon receipt of the goods by the deceased as that title should not pass until some prior condition had been performed by the purchaser. The memorandum, standing alone and

unsupported by the testimony of the witness, would tend rather to support the theory that it was intended by the parties that the sale should be unconditional. To permit a witness, who prepared the memorandum, to so construe it as to give it effect as a conditional sale only, would be to absolutely disregard the provisions of the statute. In order to satisfy the statute, the corroborating evidence must be such as would, standing alone and unsupported by the evidence of the claimant, tend to prove the essential allegation or issue raised by the pleadings.

The statute has been several times before the territorial Supreme Court for construction. In the case of Gildersleeve v. Atkinson, 6 N. M. 250, 27 Pac. 477, the court said:

> "Corroborating evidence is such evidence as tends, in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings testified to by the witness whose evidence is sought to be corroborated, which allegation or issue, if unsupported, would be fatal to the case; and such corroborating evidence must of itself, without the aid of any other evidence, exhibit its corroborative character by pointing with reasonable certainty to the allegation or issue which it supports. And such evidence will not be material, unless the evidence sought to be corroborated itself supports the allegation or point in issue."

In Childers v. Hubbell, 15 N. M. 450, 110 Pac. 1051, Hubbell sought to recover from Childers money paid at the request of Childers to take up the latter's check in the bank. The check was given Hubbell in his capacity as chairman of a campaign committee, and he testified that he took it up at the bank at Childers' request and paid the money to the campaign committee. The check was produced in Hubbell's individual possession, payable to him as chairman; and this circumstance, it was contended, was sufficient corroboration of his testimony. This contention was overruled by the Supreme Court of the terri-

tory on the basis of the rule above quoted from the Gildersleeve Case. See, also, Byerts v. Robinson, 9 N. M. 427, 54 Pac. 932; Gillett v. Chavez, 12 N. M. 353, 78 Pac. 68, and Joseph v. Catron, 13 N. M. 202, 81 Pac. 439, 1 L. R. A. (N. S.) 1120.

The evidence of the interested witness not being sufficiently corroborated, under the statute, to entitle appellee to recover, it follows that the court erred in awarding it judgment for the return of the property. The case will therefore be reversed, with directions to enter judgment for the appellant; and it is so ordered.

HANNA and PARKER, J.J., concur.

### ON MOTION FOR RHEARING.

ROBERTS, C. J.—Appellee has filed a motion for a rehearing in this case, which must be denied, because the grounds set forth are not well taken. It has, in such motion, however, called attention to the fact that in our former opinion we ordered a reversal of the cause, with directions to the trial court to enter judgment for the appellant, thereby denying to appellee the opportunity of supplying further corroborative evidence upon a retrial of the cause.

The former opinion will be modified, in so far as such order is concerned, and the cause will be reversed, with directions to the trial court to award a new trial; and it is so ordered.

HANNA and PARKER, J.J., concur.

[No. 1835, September 8, 1915.]
[Rehearing Denied October 14, 1915.]
Ex parte Towndrow.

### SYLLABUS BY THE COURT.

1. Section 4440, Code 1915, does not make it compulsory for the judge of a court to grant bail to one who falls within the circumstances described herein, but vests in such judge a discretion.    ..    P. 633