Argued October 15; affirmed November 5, 1936

## In re Millon's Estate
## HOEHLER v. HAAS

(61 P. (2d) 1030)

*T. Walter Gillard,* of Portland (William P. Lord and Elmer Lundberg, both of Portland, on the brief), for appellant.

*Charles T. Haas,* of Portland (Haas & Schwabe, of Portland, on the brief), for respondent.

CAMPBELL, C. J. On March 26, 1934, Virginia Millon, a woman past middle age, died intestate in

Multnomah county, Oregon, leaving an estate valued at upwards of $19,000, consisting of money on deposit in several banks and a draft on a bank in Paris, France, valued at $3,000. On the same date, John William Hoehler, on his own petition, which alleged that he was a creditor of the estate of said deceased in excess of $5,000, was, by the probate court of Multnomah county, appointed administrator of the estate of said deceased. Thereafter petition for his removal was filed by Rosalie Disdier, sister of decedent, asking that the administrator be removed, and on May 1, 1934, the court duly made an order removing said John William Hoehler as administrator of said estate, and appointed Charles T. Haas as such administrator. Thereupon said Haas qualified as administrator and entered upon the discharge of his duties. Thereafter, said Hoehler presented a claim to said administrator in the sum of $10,272 for board, lodging, cash and services alleged to have been furnished decedent from the year 1916 until the time of her death. This claim is made up of an item of $2,592 for services rendered extending over the entire 18-year period. The balance, $7,680, is for board extending over the full term of 18 years and monthly payments of cash for the same period. Said claim was rejected by the administrator, and on August 8, 1935, said claim was filed with the probate department of the circuit court for Multnomah county.

The matter came on for hearing before the probate court, and, after the claimant submitted all his testimony, the court made the following order:

"This matter coming on to be heard the day and year last below written upon the hearing of the claim of John William Hoehler against the above named estate and it appearing to the court from the files and records of this case that the said John William Hoehler

within the time required by law filed his claim in the above entitled estate with the administrator thereof * * * and the Court after having heard statements of counsel and having heard the witnesses produced on behalf of claimant and the above named estate through its administrator and after completion of claimant's case having made a motion in this court and cause in the nature of a non suit for the dismissal of said claim on the ground that the evidence thus adduced was not sufficient under the laws of the State of Oregon to permit this Court to allow said claim * * * and the Court after hearing the testimony of the witnesses on behalf of the claimant and the arguments of counsel and being fully informed in the premises, does at this time

ORDER, ADJUDGE AND DECREE that the motion of said decedent's estate made through its administrator that said claim be dismissed, be and the same is hereby allowed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the claim of John William Hoehler be and the same is hereby dismissed and disallowed.''

From said order, claimant appeals.

■ ''* * * no claim which shall have been rejected by the executor or administrator, as aforesaid, shall be allowed by any court, referee or jury, except upon some competent satisfactory evidence other than the testimony of the claimant. * * *'' Oregon Code 1930, § 11-504.

This section of the statute has been before this court many times. The construction of it, adopted by the court, is summed up by Mr. Justice BEAN in *Field v. Rodgers*, 128 Or. 661 (275 P. 598) in these words:

''A claimant in an action against an administrator, upon a claim or demand against the estate of the deceased, cannot prevail unless he proves his case by some competent or satisfactory evidence other than the testimony of himself. His testimony may be used in

addition to the other corroborative evidence, if such other evidence is of sufficient strength to support a verdict or decree. Or otherwise expressed, having laid a foundation for a recovery by producing evidence upon the strength of which a court may render a decree, or a jury a verdict, in favor of claimant, the claimant may then buttress and re-enforce his case by his own evidence so as to produce a preponderance of evidence." *Uhler v. Harbaugh, Admr.,* 110 Or. 609, 616, (224 Pac. 89).

This construction was followed in *Seaton v. Savings and Trust Company,* 131 Or. 261 (282 P. 556).

"This statute [§ 11-504, supra] has been construed to mean that besides the testimony of the claimant, there must be other material and pertinent testimony supporting that given by the claimant sufficient to go to the jury, and on which it might find a verdict: *Goltra v. Penland,* 45 Or. 254 (77 Pac. 129); *Consor v. Andrew,* 61 Or. 483 (123 Pac. 46); *Bull v. Payne,* 47 Or. 580 (84 Pac. 697)." *Branch v. Lambert,* 103 Or. 423 (205 P. 995).

We have not exhausted the Oregon authorities on this section of the Code, but we have cited sufficient to show the consensus of opinion of this court.

■ The only question presented is whether there is "some competent satisfactory testimony other than the testimony of the claimant" sufficient to support a finding or a verdict upon which to base a judgment or decree in favor of claimant.

The record discloses that all of the money in decedent's estate, with the exception of the draft on the Paris bank for money which she inherited from her brother's estate, was accumulated prior to 1916.

The claimant, in support of his claim, testified, among other things, that he was 52 years of age; that he and decedent became aquainted in 1907; that, shortly

after he met her in 1907, he began keeping "company" with her, which continued as long as she lived, with the exception of the years 1910 and 1911, when he was absent from the state; that at the time of her death, and for some time prior thereto (the record is silent as to how long), they were engaged to be married.

The first item in the claim is for board. In respect to this item, claimant's brother, H. R. W. Hoehler, testified that after claimant moved into the Ohio hotel he would frequently visit his brother and saw decedent there having meals with his brother, and this continued from about 1916 until about 1922; that, thereafter, his brother moved to Montavilla on the outskirts of Portland. Thereafter, he did not visit his brother so often; sometimes once a week, and sometimes not for two or three weeks; that he saw decedent there on numerous occasions and that she ate there. This continued until the time of her death.

C. A. Wilson, who lived at the Ohio hotel during the time that claimant lived there, testified that he saw deceased come to the Ohio hotel to visit claimant, and that she would eat with him.

A. E. Schmidt testified, in substance, that he visited Mr. Hoehler at the Ohio hotel in 1920 and 1921; that the decedent did not stay at the hotel but had her meals there.

R. Davidson testified, in substance, that part of the time during the years 1925 and 1926 he worked for claimant; that part of the time when he worked for claimant he ate his lunch there; that one time he saw decedent there getting ready to eat.

A. A. Narnach testified, in effect, that during the year 1917 he ate two or three times with claimant at

the Ohio hotel, and in response to a question as to whether or not decedent took her meals there he answered: "I am not sure, but I think she did."

This is substance of all the corroborating testimony on the item of board.

The only testimony as to the lodging item was given by the brother of claimant who says that on a few occasions, while decedent was ill, she stayed at his brother's house. "I guess she used the bed while he used the cot."

The corroborating testimony regarding money advanced and services rendered is even more vague and indefinite. Some of the witnesses testified that they saw claimant give the deceased money on several occasions. But the amount, what it was given for, or whether it was ever to be repaid, the record in that respect is absolutely silent.

This is the character and substance of the corroborating testimony submitted. Such testimony is insufficient to establish a prima facie case or to support a verdict or finding against the estate of decedent for any sum whatever.

When we consider further that this is a claim extending over a period of 18 years, that there are no books of account, nor any written evidence of indebtedness offered by claimant, or any of his witnesses, we conclude that the trial court did not err in disallowing the claim.

The judgment of the circuit court will be affirmed. It is so ordered.

BELT and RAND, JJ., not sitting.