331 P.2d 360

Robert P. PORTER, Sr., Plaintiff-Appellee,

v.

Harry C. PORTER and Robert P. Porter, Jr., Defendants-Appellants.

No. 6329.

Supreme Court of New Mexico.

July 22, 1958.

On Motion for Rehearing Sept. 19, 1958.

Further Rehearing Denied Nov. 18, 1958.

K. Gill Shaffer, Louis B. Ogden, Albuquerque, for appellants.

R. C. Garland, E. Forrest Sanders and James T. Martin, Jr., Las Cruces, Charles H. Fowler, Socorro, for appellee.

COMPTON, Justice.

Appellee brought this action for a declaratory judgment to determine the ownership of shares of stock in Robert Porter and Sons, Inc., Robert Porter Investment Company, a corporation, and other property not specifically mentioned, allegedly his separate property. Appellants claim that the property was acquired by appellee, their father, and Alice M. Porter, their mother, now deceased, from whom appellee had obtained a divorce without an adjudication of their property rights.

Appellee and Alice M. Porter were married in 1905 and were divorced in 1936. The separation agreement entered into between them in 1936 specifically states that their property rights were not to be settled thereby. Thereafter, in November 1953, Alice M. Porter died, leaving two sons, the appellants.

We will merely mention the property, as the amount is immaterial to a decision. It is sufficient to say that it is substantial as indicated by the record. At the trial three witnesses testified for appellee, including appellee himself. Appellee testified that the source of the property was $30,000, which he had prior to their marriage. He traced in detail the amount invested by him in various companies, partnerships, and corporations, and the returns therefrom, pyramiding finally in amount of approximately $650,000. His bookkeeper, Herman Pitts, testified to appellee's salary and his income on certain investments. The other witness, George B. Preston, likewise testified to his various business transactions. In addition, two women testified by deposition that before his marriage appellee appeared to be a man of means and owned two businesses in Las Cruces.

The decisive question is whether the facts bring the case within the purview of § 20–2–5, 1953 Comp., which reads:

"In a suit by or against the heirs, executors, administrators or assigns of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence."

Interpreting this statute, we have said time and again that the corroborating evidence must be such as would, standing

alone and unsupported by the evidence of the claimant, tend to prove the essential allegations or issues raised by the pleadings. The cases are fairly well cited in Vehn v. Bergman, 57 N.M. 351, 258 P.2d 734. Compare, also, In re Cardoner's Estate, 27 N.M. 105, 196 P. 327, and Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464. We are forced to conclude that the testimony of the witnesses offered as corroboration, standing alone, offers no support whatever to appellee's testimony with regard to his claim that the property was his separate estate.

Appellee strongly asserts the statute has no application since the action is for a declaratory judgment to determine ownership of real estate and personal property. He relies on our case of Albright v. Albright, 21 N.M. 606, 157 P. 662, 664. The case is not support for the proposition urged. In the Albright case the marital relations continued until the death of his wife, at which time he and a daughter became heirs. The daughter brought an action to partition the estate in which she alleged that her father was one of the heirs. The father claimed that the estate was community property and was permitted to so testify. In sustaining the lower court it was said:

"  *   *   *   If the statute applied to this case, we would be required to hold that the testimony of appellee was not sufficiently corroborated to warrant his

recovery. But the statute does not apply. This is not a suit to establish any claim against the estate or against the heirs of the estate, but for the partition of real estate. Clearly this statute has no application to a suit between heirs for the partition of the real estate of their ancestor.  *   *   *

"It is clear that the defendant is not within the terms of the statute. He is not an opposite or interested party against the heirs,  *   *   *   He is the heir."

■ But in the case before us the marital status ended in 1936. Upon her death in 1953, appellee did not become an heir. The appellants then became her heirs. Hence, this is a suit by an opposite party against the heirs.

Perhaps it will serve a beneficial purpose to reconsider § 20–2–5, supra. We note that the cases, as well as the text writers, continually refer to the statute as if it related only to transactions with decedents. The compiler of our own statute heads the section "Transaction with decedent—Corroboration required." This heading is somewhat misleading, as our statute reads:

"In a suit by or against the heirs,  *   *   *   an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect of any

matter occurring before the death of the deceased person * * *."

We think the legislature expressed a definite purpose in the enactment of § 20–2–5, supra. This conclusion is reached from its history. It first appears as § 8, ch. 12, Laws 1880. The title of the act reads: "An Act Respecting Witnesses and Evidence." It must be remembered that prior thereto the common law had been adopted in New Mexico as the rule of practice and decision, Beals v. Ares, 25 N. M. 459, 185 P. 780, and under the common law, an interested party to a suit was not a competent witness. 58 Am.Jur. (Witnesses) § 159. Consequently to avoid its harshness, the common law was limited by § 8, ch. 12, Laws 1880, § 20–2–5, supra, to the extent of permitting an interested party to recover if his testimony is properly corroborated. Later, in 1889, the legislature, still recognizing the rule, passed an Act, ch. 90, making it applicable to the estates of deceased persons. Section 30 of the latter Act, § 31–8–6, 1953 Comp. reads:

"In hearing and determining claims against estates the probate judge shall be governed by rule of evidence prescribed in section 2175 (20–2–5)."

It is therefore clear that this statutory rule of evidence is not to be limited or extended by judicial decree. In 1921 in In re Cardoner's Estate, supra, we suggested the fallacy of the rule, but during the 37 intervening years, the legislature has not seen fit to alter it.

It is contended further that appellants waived any objection they may have to appellee's testimony by certain acts of commission and omission, for instance, the failure to object to appellee's testimony, etc. We are not impressed. Appellee, an interested party, was a competent witness in his own behalf and the reception of his testimony was proper. Appellants had no way of knowing there would be failure of corroboration when he testified.

Mention should be made of cases from other jurisdictions which seemingly reach a different conclusion. An examination of those cases clearly shows that the difference is in the statutes, for instance the California statute reads:

"The following persons cannot be witnesses:

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person." West's Ann.Code Civ. Proc. § 1880.

The judgment is reversed with direction to the trial court to enter an order reinstating the case upon its docket and pro-

ceed in a manner not inconsistent herewith. It is so ordered.

LUJAN, C. J., and SADLER and SHIL-LINGLAW, Jr., JJ., concur.

McGHEE, J., dissenting.

McGHEE, Justice (dissenting).

I believe this case is controlled by Albright v. Albright, 1916, 21 N.M. 606, 157 P. 662, 664, where, in my opinion, a correct interpretation was given the statute in question here.

There a daughter brought suit against her father to partition certain real property alleged to have been the separate estate of her mother at the time of her death, and which he claimed was community property. If it was separate property the daughter had an interest in it, but if it was community property the father was the sole owner by operation of law.

The daughter then urged that what is now § 20–2–5, NMSA, 1953 precluded the rendition of a judgment in favor of the father because of lack of corroboration. The court said:

"This section of the statute has frequently been considered by the territorial and state Supreme Court * *. If the statute applied to this case, we would be required to hold that the testimony of the appellee was not sufficiently corroborated to warrant his re-covery. But the statute does not apply. This is not a suit to establish any claim against the estate or against the heirs of the estate, but for the partition of real estate. Clearly this statute has no application to a suit between heirs for the partition of the real estate of their ancestor."

The present case, likewise, is not against an estate but one to determine the character and therefore the ownership of real and personal property standing in the name of the plaintiff; that is, whether it was the separate property of the plaintiff or community property of himself and his former wife. The statute is inapplicable to the present case and the uncorroborated evidence of the plaintiff, if believed, is sufficient to support the judgment in his behalf.

The appellee, who is now 80 years old, should not be divested of his separate estate when the statute does not require it because after 50 years he is unable to offer corroborating evidence when his testimony is believable and was believed by the lower court.

I do not believe the Vehn case is controlling here. That was a claim by Mrs. Vehn against her former husband's estate based on an alleged oral contract, and in the trial and here the plaintiff claimed there was sufficient corroboration to avoid the statute. There was no claim the statute did not apply to such a suit.

California has a statute which declares one who makes a claim against an estate is not a competent witness, but it is there held that it only applies to money claims. No such disqualification exists under their decisions against one who sues for specific performance, to enforce a trust, etc., or for the recovery of real or personal property, and it seems to me this court was thinking along the same line when the Albright case was decided.

I believe the majority have given the statute an entirely too literal construction, and therefore dissent.

On Motion for Rehearing.

COMPTON, Justice.

Appellee has filed a motion for rehearing in this case which must be denied because the grounds set forth are not well taken. However, he has called our attention to the fact that in our former opinion we ordered a reversal of the judgment with direction to the trial court to "proceed in a manner not inconsistent herewith." Appellee contends that the quoted directive affords him an opportunity of supplying further corroborative evidence on a retrial of the cause. In this contention he is mistaken; we did not intend to order a new trial. The case was fully tried on the merits and whether § 20–2–5, 1953 Comp. was applicable, was the decisive question for determination by the trial court. Under such circumstance the case should not be reopened for further proof. National Rubber Supply Co. v. Oleson & Exter, 20 N.M. 624, 151 P. 694; State ex rel. Bujac v. District Court, 28 N.M. 28, 205 P. 716. However, the matter is ripe for an accounting between the parties.

Accordingly, the judgment is reversed and the cause remanded with a direction to the trial court to set it aside and to enter one in favor of defendants, by reason whereof an accounting between the parties should follow, based upon our holding that all property, both real and personal, on hand and undivided at time of the divorce, was community property. It Is So Ordered.

LUJAN, C. J., and SADLER and SHILLINGLAW, JJ., concur.

McGHEE, J., dissenting.