## SCHWARTZ *v.* DAVIS MANUFACTURING COMPANY

1. EVIDENCE—DEAD MAN'S STATUTE—SURVIVOR'S TESTIMONY—ADMISSIBILITY—QUANTUM OF OTHER EVIDENCE.

   The quantum of other material evidence required to permit a party to testify as to matters which, if true, must be equally within the knowledge of a person incapable of testifying is other evidence from which reasonable men might conclude that the survivor's testimony is probably true (MCLA § 600-.2166).

2. EVIDENCE—DEAD MAN'S STATUTE—SURVIVOR'S TESTIMONY—REQUIREMENTS.

   The dead man's statute permits a judgment based essentially on a survivor's testimony if there is other evidence from which reasonable men might conclude that this testimony is probably true (MCLA § 600.2166).

3. EVIDENCE—DEAD MAN'S STATUTE—SURVIVOR'S TESTIMONY—CORROBORATING EVIDENCE.

   Plaintiff's testimony concerning an oral agreement between himself and a person now deceased to convey part of each of their property to the other and to convey part of their property to a third party and to receive part of the third party's land in order to relocate an alley was admissible where plain-

_____

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  58 Am Jur, Witnesses § 214 *et seq.*
[4, 5]  4 Am Jur 2d, Appeal and Error §§ 518–520.
   5 Am Jur 2d, Appeal and Error § 603.

tiff introduced, as evidence of the contract, a bill, which he had paid, for his proportionate share of the replatting of the lots, his having planted and cultivated for several years a garden on the land he claimed was to have been conveyed to him, the approval and recording of the replatting of the lots, his having paid the taxes on the lots as rearranged by the contract, the defendant's having built a wall along the boundary line as established by the contract, and the third-party's having deeded portions of his land to the plaintiff in conformance with the contract, because plaintiff's evidence tended to corroborate his claim of an oral contract.

4. APPEAL AND ERROR—SEPARATE RECORD—PRESERVING QUESTION—ATTORNEY'S SUMMARIZATION.

A separate record, necessary to preserve an alleged erroneous exclusion of evidence, need not have to embody actual testimony unless the trial judge so requests; an attorney's summarization of what a witness would have said had he been permitted to testify sufficiently preserves the issue for appeal (GCR 1963, 604).

5. APPEAL AND ERROR—SEPARATE RECORD—PRESERVING QUESTION—ATTORNEY'S SUMMARIZATION.

The issue of whether plaintiff's evidence was sufficient to corroborate his claim of an oral contract with a party deceased at the time of trial, to convey land and thus admissible under the dead man's statute, was preserved for appeal where plaintiff's counsel, after the trial court had ruled plaintiff's testimony inadmissible, stated that he had had evidence to prove a conversation took place between the parties, and that he could prove discussions were held dealing with the parties' interest in the land (GCR 1963, 604).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 November 9, 1970, at Lansing. (Docket No. 8016.)   Decided April 20, 1971.   Leave to appeal denied, 385 Mich 781.

Complaint by Francis J. Schwartz and Mary Schwartz against the Davis Manufacturing Company for the specific performance of an oral contract to convey real property.   Judgment of no cause of action.   Plaintiffs appeal.   Reversed and remanded.

*Jack Hanna (Charles J. Porter,* of counsel), for plaintiffs.

*Riebel, Oliver, Dinan & Schenden,* for defendant.

Before: Levin, P. J., and T. M. Burns and J. E. Hughes,* JJ.

T. M. Burns, J.   Plaintiffs appeal from the judgment of the trial court, sitting without a jury, that plaintiffs had failed to establish a cause of action against the defendant corporation.

Francis J. Schwartz originally owned lots 6, 7, and 8 in the Northford Park subdivision in the township of Troy, Michigan.[1]   Defendant corporation owned lots 9 through 23 and lots 60 through 67. Lots 1 through 5 and lots 68 and 69 were owned by Mr. Reginald Stevens.

Plaintiffs claimed that in 1951 Mr. E. R. Davis, who was then president of defendant corporation, proposed to Stevens and Schwartz that the subdivision be replatted so that the alley running behind lots 1 through 13 could be moved 80 feet to the eastward, thus giving defendant company more space upon which to conduct its business.   Schwartz claimed that the consideration he was to receive for his participation in the replatting was to have his lots 6, 7, and 8 extended the 80 feet to the new public alley.   The extensions in plaintiffs' lots were to be conveyed to plaintiffs from both Stevens and defendant company, who owned the property immediately east of the alley as it was originally situated.

The replatting was accomplished,[1a] but plaintiffs

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] See diagram.
[1a] See diagrams.

never received the deed from defendant company for the extended portions of their lots. Plaintiffs did, however, in 1967, receive a deed from Stevens for the extended portion of lot 6 and the north half of lot 7. Plaintiffs now seek the extended portion of the other half of lot 7 and the extended portion of lot 8, title to which still remains in the defendant company.

To demonstrate the existence of the contract, Schwartz showed that in 1952 he received a bill from defendant for three-thirteenths of the cost of replatting and that he paid the charge; that from 1952 through 1957 he planted a garden over the extended portions of lots 6, 7, and 8; that in 1954 the replatting was approved and recorded; that plaintiffs have paid the taxes on the lots as extended since 1955, although they did not know if the taxes had increased after the lot extensions; that defendant built a wall in 1965 the length of the lot line between lots 8 and 9; and that Stevens deeded to plaintiffs in 1967 the rear 80 feet of lot 6 and the rear 80 feet of the north half of lot 7, a 30 feet by 80 feet portion of Stevens' lots 68 and 69 prior to replatting.

At the time of trial, Davis was deceased. The trial court ruled, therefore, that Schwartz could not testify as to the making of the oral agreement between himself and the deceased president of defendant corporation. The court ruled that such testimony was prevented by the dead man's statute, MCLA § 600.2166 (Stat Ann 1971 Cum Supp § 27A-.2166) which provides:

"(1) In any action by or against a person incapable of testifying, a party's own testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, unless some material

portion of his testimony is supported by some other material evidence tending to corroborate his claim."[2]

Plaintiffs here contend that the evidence, detailed above, presented to demonstrate the existence of the contract (*supra*) tended to corroborate their claim and, therefore, the dead man's statute should not have been a bar to the testimony.

The quantity of corroborating proof necessary to satisfy the statute has never been determined by Michigan courts. We will, therefore, examine the decisions in several other jurisdictions where similar statutes have been interpreted.

At least four jurisdictions, New Mexico, District of Columbia, Oregon, and Virginia, have statutes similar to the one we have in Michigan. Closest is New Mexico's statute which provides:

"In a suit by or against the heirs, executors, administrators or assigns of a deceased person, a claimant * * * shall not obtain a judgment or decision on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is supported by some other material evidence tending to corroborate the claimant or interested person."[3]

The New Mexico Court, interpreting what quantity of evidence is necessary to satisfy the requirements of the above statute, held that it is no longer necessary that corroborating evidence be such as would, standing alone, tend to prove the essential allegations raised by the pleadings. The Court stated that it was only necessary that the corrob-

---

[2] MCLA § 600.2166 (Stat Ann 1970 Cum Supp § 27A.2166). A corporation is also protected under subsection 2 of the statute which includes a corporation of the definition of a "person incapable of testifying" where the agent of that corporation, having the material knowledge, is incapable of testifying.

[3] Ch 261, Laws 1959, § 1 (§ 20–2–5 NMSA 1953 Comp).

orating evidence support the claimant's evidence.[4]

The Virginia statute provides that " * * * no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony * * * ".[5] Although this statute seemingly requires more evidence than a statute such as Michigan's, which only requires "evidence *tending* to corroborate" the interested party's claim, the Virginia Supreme Court has held:

"Corroborating evidence is such evidence as tends to confirm and strengthen the testimony of the witness sought to be corroborated that is, such as tends to show its truth, or the probability of its truth.

"It usually consists of separate and independent items, no one of which of itself would probably be sufficient, but when joined together lead satisfactorily to the conclusion of the truth of the testimony of the witness sought to be corroborated."[6]

The District of Columbia's statute,[7] which is very similar to the Virginia statute, has been interpreted in much the same way. In approving the above statement by the Virginia Court, the United States Court of Appeals for the District of Columbia stated:

"We agree with the Virginia court. We think the statute permits a judgment based essentially on the

---

[4] *Peck* v. *Wright* (1962), 70 NM 259 (372 P2d 831). The New Mexico Court, under a previous statute, has required that the corroborating evidence must, standing alone, tend to prove the essential allegations or issues raised by the pleadings. See *Porter* v. *Porter* (1958), 65 NM 14 (331 P2d 360). However, the previous statement had provided that the interested party could not recover a judgment on his own evidence "unless such evidence is corroborated by some other material evidence". The present statute requires evidence "tending to corroborate". This difference between the two statutes has resulted in the New Mexico courts' allowing the claimant to testify when he has much less evidence to corroborate his claim. *Peck* v. *Wright, supra.*

[5] Virginia Code of 1950, Section 8–286.

[6] *Varner* v. *White* (1927), 149 Va 177, 185 (140 SE 128, 130).

[7] DC Code 1963 § 14–302.

survivor's testimony if there is other evidence from which reasonable men might conclude that his testimony is probably true." *Rosinski* v. *Whiteford* (1950), 87 App DC 313, 314 (184 F2d 700, 701).

In Oregon, their applicable statute[8] has been interpreted more rigidly. The effect of the Oregon decisions is that a claimant must establish, through evidence other than the claimant's own testimony, a *prima facie* case before the claimant's own testimony may be admitted.[9] The Court in *Rosinski, supra,* commenting upon this type of reasoning, stated:

"This amounts to saying that a survivor's testimony may be considered only when it is not essential to the result. Such a view nearly nullifies the statute."[10]

We are in accord with approach of the New Mexico, Virginia, and the District of Columbia Courts. We adopt the statement by the United States Court of Appeals, quoted above, that "the [Michigan] statute permits a judgment based essentially on the survivor's testimony if there is other evidence from which reasonable men might conclude that his testimony is probably true".

When this rule is applied to the facts in the case at bar, it is our conclusion that the evidence pre-

---

[8] Or Rev Stat § 115.195 (Oregon Laws 1969, c 591 § 159) provides: "A claim that has been disallowed by the personal representative may not be allowed by any court *except upon some competent, satisfactory evidence other than the testimony of the claimant.*" (Emphasis supplied.)

Although this statute is a recent enactment, the italicized portion is exactly the same as the former statutes (1930 Oregon Code § 11–504, 1940 OCLA § 19–704, 1950 ORS § 116.520). See *In re Millon's Estate* (1936), 154 Or 615 (61 P2d 1030).

[9] See *Field* v. *Rodgers* (1929), 128 Or 661 (275 P 598); *Mount* v. *Riechers* (1932), 140 Or 267 (13 P2d 335); *In re Millon's Estate* (1936), 154 Or 615 (61 P2d 1030); *Vancil* v. *Poulson* (1964), 236 Or 314 (388 P2d 444).

[10] *Rosinski* v. *Whiteford* (1950), 87 App DC 313, 314 (184 F2d 700, 701).

sented at the trial court does tend to corroborate the plaintiffs' claim of an oral contract. Therefore, the trial court should have allowed Francis Schwartz to testify concerning the making of the oral contract.

Defendant contends, however, that even if we find sufficient corroboration to have admitted plaintiffs' testimony, the issue has not been properly preserved for appeal because plaintiffs failed to request and make a separate record pursuant to GCR 1963, 604, which provides:

"If any objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness, or by leave of court, may examine the witness in relation thereto. The court may require the offer to be made or the testimony taken out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made and the ruling thereon."

Despite the permissive wording of the court rule and its corresponding statute, MCLA § 600.2101 (Stat Ann 1962 Rev § 27A.2101), our Supreme Court has consistently construed the language in mandatory terms.[11] However, this Court has recently held in *Hes* v. *Haviland Products Company* (1967), 6 Mich App 163, 170, that a separate record does not necessarily have to consist of actual testimony:

"A 'separate record' does not have to embody actual testimony unless the trial judge so requests. An attorney's summarization of what a witness would have said had he been permitted to testify will sufficiently preserve the issue for appeal under

---

[11] *Eglash* v. *Detroit Institute of Technology* (1965), 375 Mich 592, 597.

GCR 1963, 604. Shortly after the trial judge sustained defendant's first objection the plaintiff's attorney said:

" 'I would like to show on this matter had Mr. Hes been allowed to answer that question he would have claimed the compensation, he believes is reasonably in line with what he received throughout the industry, in line at least of what he is paid now.'

"We hold this evidentiary issue is properly before us."

In the case at bar, after defendant's objection to the offered testimony had been sustained, plaintiffs' attorney made the following statement:

"There had to be discussion, there had to be consultation, some agreement made and [defendant's counsel] knows that the only man that can tell us what happened is the man that is sitting right here on the stand."

"I have evidence to prove, to show the court there was a conversation took place between the deceased and the other platter, and I can prove there was discussions to what their interests were and I can prove to the court the other platter never claimed any interest in half [lots] 7 and 6."

We hold that the above statements made before the trial court sufficiently satisfy the "separate record" requirement of GCR 1963, 604, and the issue was properly preserved for appeal. Therefore, since we have ruled that plaintiffs' testimony concerning the oral contract should have been received by the trial court, the cause will have to be remanded for a new trial.

Although plaintiffs raise several other issues, since we are remanding for a new trial, we will not deal with them at this time. Plaintiffs contend that

the defendant had waived the protections of the "dead man's statute" by cross-examining Francis Schwartz as to matters equally within the knowledge of the deceased. Since we have already decided that the statute permits Mr. Schwartz to testify to the oral contract, it is unnecessary to decide whether the protection afforded by the statute had been waived. Plaintiffs also raise two issues which were not raised in the trial court: (1) whether certain testimony should not have been excluded as hearsay because it falls within an exception to the hearsay rule; and (2) whether full performance on the part of the plaintiffs removes the oral contract from the statute of frauds.

Since neither of these issues were raised below, and further since we are reversing for a new trial, we will not discuss these issues until the trial court has had an opportunity to rule on them.

Reversed and remanded.

All concurred.

DIAGRAM NO. 1
(Prior to replatting)

DIAGRAM NO. 2
(Subsequent to replatting)

