IN THE MATTER OF THE ESTATE OF TOM K ZAHARION

Docket No. 78-3784. Submitted October 4, 1979, at Grand Rapids.—
Decided January 22, 1980. Leave to appeal applied for.

Security National Bank, administrator with the will annexed of
the estate of Tom K. Zaharion, petitioned the Calhoun Probate
Court to determine that it was entitled to possession of certain
common stocks as the estate's fiduciary and that they should be
listed as assets of the estate. The probate corut so held. Dorene
Zaharion, wife of the deceased, appealed. The Calhoun Circuit
Court, Paul Nicolich, J., held that the Uniform Commercial
Code required delivery of the securities to effect a valid gift. It
affirmed the probate court as to all stock not in the possession
of Mrs. Zaharion on the date of the decedent's death. Mrs.
Zaharion appeals by leave granted. *Held:*

An inter vivos transfer by gift of any interest in securities is
accomplished by either actual or constructive delivery where
donative intent is present and acceptance by the donee is
proven or may be reasonably inferred. The language of the
Uniform Commercial Code concerning transfer of securities
does not apply to inter vivos gifts of securities.

Affirmed in part and reversed in part.

Gifts — Inter Vivos — Securities — Delivery.

An inter vivos transfer by gift of any interest in securities is
accomplished by either actual or constructive delivery where
donative intent is present and acceptance by the donee is
proven or may be reasonably inferred.

*Early, Starbuck & Lennon* (by *J. Richardson
Johnson* and *James E. Beck*), for Dorene Zaharion.

*Vandervoort, Cooke, McFee, Christ, Carpenter &
Fisher,* for Security National Bank, *et al.*

References for Points in Headnote
38 Am Jur 2d, Gifts §§ 17, 20, 22, 54.
Delivery as essential to gift of tangible chattels or securities by
written instruments. 48 ALR2d 1405.

Before: CYNAR, P.J., and D. F. WALSH, and L. B.
BEBEAU,* JJ.

CYNAR, P.J. This matter is before this Court on
remand from the Michigan Supreme Court for
plenary consideration as on leave granted. See *In
re Zaharion Estate (Zaharion v Security National
Bank)*, 404 Mich 802 (1978). Both parties appealed
a judgment of the Calhoun County Circuit Court,
which judgment affirmed in part and reversed in
part a judgment of the probate court for the
County of Calhoun.

We initially conclude that there was no error in
the admission of the testimony by Mrs. Zaharion
concerning her deceased husband's donative intent
with regard to the transfer to her of stock held by
him in seven corporations, as against a challenge
that the admission of such testimony was in viola-
tion of the Michigan deadman's statute, MCL
600.2166; MSA 27A.2166. We find that her testi-
mony was sufficiently corroborated by other evi-
dence, as required by the statute in question.
*Schwartz v Davis Manufacturing Co,* 32 Mich App
451, 454-458; 189 NW2d 1 (1971), *Braidwood v
Harmon,* 31 Mich App 49, 57-58; 187 NW2d 559
(1971).

Next, we address the major issue in this case,
*viz.,* whether there was an effective delivery of the
stocks in question prior to decedent's death, such
that a valid inter vivos gift of said shares was
made by decedent to his wife, Mrs. Zaharion.
Specifically, we are asked to determine whether
MCL 440.8309; MSA 19.8309[1] is applicable to gra-
tuitous inter vivos transfers of securities, thereby

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The provision reads as follows:

"Sec. 8309. An indorsement of a security whether special or in

necessitating actual physical delivery of the stock certificates, or whether the aforementioned provision is inapposite to the case at bar. If so, then under the common law rule relating to inter vivos gifts, either actual or constructive delivery of the shares would suffice to effect a completed gift, assuming that the remaining elements of a gift inter vivos are present. *Osius v Dingell,* 375 Mich 605, 611; 134 NW2d 657 (1965).

We digress briefly only to note that it is of no moment whether decedent intended to transfer to his wife his entire interest in the stock or only a joint interest with right of survivorship, at least insofar as decedent's donative intent is concerned. This is so because the effect of either would ultimately be to vest complete ownership of the share in Mrs. Zaharion, although at different times. The record is clear that this was decedent's intent at the time the gift was alleged to have been made. It was only a fortuity that he utilized a gift of a joint interest to effect this intent as opposed to an outright gift of the entire interest in the stock.[2]

The question of the applicability of MCL 440.8309 to gratuitous inter vivos transfers of securities is one of first impression in Michigan. There is no indication of legislative intent in either direction which would serve as a guide to aid our decision. However, in the absence of a clear indicium of a legislative intent to apply the above-noted provision to inter vivos gifts of securities, we decline to infer such an intent. We conclude that the common law rules relative to such transfers

blank does not constitute a transfer until delivery of the security on which it appears or if the indorsement is on a separate document until delivery of both the document and the security."

[2] This is so because during decedent's final illness he relied upon the advice of a friend, Stanley Stone, a lay person, with regard to the manner in which to insure that his wife would receive the certificates in question.

remain undisturbed by MCL 440.8309. As such, we hold that an inter vivos transfer by gift of any interest in securities is accomplished by either actual or constructive delivery of the same, where donative intent is also present, and where acceptance by the donee may be presumed or is proven directly, as per the rule in *Osius v Dingell, supra,* 611. Support for this position is also found in 11 Callaghan's Michigan Civil Jurisprudence, Gifts, §§ 14, 29, pp 388-391, 426-428, and 1979 Cum Supp, pp 40, 42-43. *Cf., Ellis v Secor,* 31 Mich 185; 18 Am Rep 178 (1975), and Brown, Personal Property (2d ed), § 60, pp 197-198.

Applying this rule to this instant case, we further hold that an effective inter vivos transfer by gift of a joint tenancy with a right of survivorship was made to Mrs. Zaharion by her husband with regard to all the stocks in dispute. Constructive delivery of the stock certificates was effected by means of the stock powers executed by Mr. Zaharion with the assistance of his wife.[3] As such, it was error for the circuit court to hold that the transfer of the shares of six of seven corporations was ineffective for lack of physical delivery of the stock certificates, as physical delivery was not required. The transfer was effective as to the shares of all seven corporations.

Affirmed in part; reversed in part. Costs to plaintiff.

---

[3] The genuineness of the decedent's signature on the stock powers is not in dispute in this Court, nor was there any finding to this effect in either the probate court or the circuit court.