## Kingan & Co., Limited, v. Estate of Edward S. Burns.

1.  ADMINISTRATION OF ESTATES—*Allowance of Claims under Section
60, Chap. 3, R. S.*—Section 60, Chap. 3, R. S., provides that if no objection is made to a claim by the administrator or others interested in the
estate and the claimant shall swear that such claim is just and unpaid
after allowing all just credits, the court may allow such claim without
further evidence; but if objection is made to such claim the same shall
not be admitted without other sufficient evidence.

Claim in Probate.—Appeal from the Circuit Court of Montgomery
County; the Hon. TRUMAN E. AMES, Judge presiding. Heard in this
court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

WILLIAM ABBOT, attorney for appellant.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

On October 23, 1893, Edwards A. Burns died, and on
November 30th of that year letters of administration having been issued from the County Court of Montgomery
County, appellant filed its claim of $31.63 against the
estate.  It was an open account for merchandise.  No
action was taken on the claim on the day of adjustment,
which was fixed for the first Monday of February, 1894,
and no order concerning it was entered until the September term, 1901, when there was a hearing before the County
Court, and the claim disallowed.  An appeal was prosecuted to the Circuit Court, where a trial was had without
a jury, resulting in the claim being disallowed.  From the
order thus entered appeal is prosecuted.

In the Circuit Court an allowance of the claim was
resisted upon the following grounds:

1.  The same was not properly verified, there being no
evidence that the officer (a notary public in the State of
Indiana), who signed the jurat attached to the affidavit of
claim, had authority to administer oaths.

2.  The claim was barred by the statute of limitations.

3.  There was no sufficient evidence to support it.

Counsel for appellee rely upon the same points in this court, contending that either one is conclusive of appellant's case. As we view it, it is unnecessary for us to express any opinion upon either of the first two points.

Section 60, chapter 3 of the Revised Statutes, provides that if no objection is made to a claim by the administrator or others interested in the estate, and the claimant shall swear "that such claim is just and unpaid after allowing all just credits, the court may allow such claim without further evidence; but if objection is made to such claim the same shall not be admitted without other sufficient evidence." There was no evidence in support of the claim other than the *ex parte* affidavit of appellant's agent, which was made in Indiana and attached to the claim. The claim being contested, and there being no "other sufficient evidence" produced to support it, the court could do nothing else than disallow it.

Counsel for appellant, in his printed brief, and also in his oral argument, has said that the only objections made to the allowance of the claim in the Circuit Court was the one invoking the statute of limitations, and the one involving the verification of the affidavit, and that the third objection was not made at all. It is sufficient for us to say that the bill of exceptions shows that such objection was specifically made. We can know nothing of what occurred in the court below, of course, except as it is recited in the record. Judgment affirmed.