Argued November 9, 1939; affirmed January 9, 1940

In re Swank's Estate

TURNER *v.* SCHLEGEL

(97 P. (2d) 723)

Department 2.

*Martin W. Hawkins,* of Portland, for appellant.

*D. P. Price* and *Joe P. Price,* both of Portland, for respondent.

■■ LUSK, J. On appeal from an order allowing or rejecting a claim against a decedent's estate the supreme court does not try the case *de novo* as in equity proceedings. The hearing upon such a claim is in the nature of an action at law: *In re Stout's Estate*, 151 Or. 411, 417, 50 P. (2d) 768, 101 A. L. R. 672, and Oregon cases there cited. And, hence, when the case is brought here and the correctness of the trial court's decision is questioned, our sole function is to determine whether or not there is any competent, substantial evidence in the record supporting the findings of the court below. See *Franklin v. Northrup*, 107 Or. 537, 551, 215 P. 494; *Bannon v. Thompson*, 136 Or. 311, 313, 298 P. 907.

■ When one performs services for another at the latter's request, the question whether a contract to pay the reasonable value of such services will be implied, is one of fact and not of law. Professor Williston says:

"An offer need not be stated in words. Any conduct from which a reasonable person in the offeree's position would be justified in inferring a promise in return for a requested act or a requested promise by the offeree amounts to an offer. The common illustration of this principle is where performance of work or services is requested. If the request is for performance as a favor, no offer to contract is made, and performance of the work or services will not create a contract; but if the request is made under such circumstances that a reasonable person would infer an intent to pay for them (and this is always a question of fact under all the circumstances of the case) the request amounts to an offer, and a contract is created by the performance of the work. And even though no request is made for the performance of work or service, if it is known that it is being rendered with the expectation of pay, the person benefited is liable. It is a question of fact if services are accepted whether a reason-

able man in the position of the parties would understand that they are offered in return for a fair compensation, or would rather suppose either that they are offered gratuitously, or if not, that the recipient might think so. It is customary to lay down presumptions, as that 'with respect to strangers a contract for compensation will be implied unless a contrary situation is exhibited,' whereas as between relatives 'a contract alleged to exist must be affirmatively shown.' But it is undesirable to lay too much stress on such presumptions. They are mere inferences of fact. Intimate friends sometimes render services gratuitously, and how close must relationship be to make one presumption or another applicable? The question is purely one of fact, varying in every case, but with the burden always on the party, who alleges a contract and seeks to enforce it, to prove its existence." I Williston on Contracts, Rev. Ed. 93, § 36.

In harmony with the principles thus enunciated it was held in *Franklin v. Northrup*, supra, that it was for the trial judge to determine as a question of fact whether the claimant rendered services to a decedent without expectation of compensation or with the understanding between the parties that they should be rendered gratuitously.

■■ Even under the rule stated in *Ingram v. Basye*, 67 Or. 257, 260, 135 P. 883, that "with respect to strangers a contract for compensation will be implied unless a contrary situation is exhibited, the burden thereof being on the beneficiary of the services", the result here is the same, because the evidence as to the relations which existed between the parties and the claimant's position in the decedent's household, together with the other facts and circumstances disclosed by the record, affords a sufficient basis for a finding adverse to the claim. This is not to say that the case

is governed by the "family relation" doctrine under which the claimant could recover only by proving an express contract for compensation (*Franklin v. Northrup*, 107 Or. 550), but only that the whole question is at large as one of fact, the weight of opposing inferences being for the determination of the trial judge. See *In re Estate of Frank Dvorak*, 213 Iowa 250, 236 N. W. 66, and *Lauf v. Wiegersen*, (Mo. App.), 297 S. W. 79. It would not have been unreasonable for the court to find, under the facts in evidence, that the services were rendered without expectation of payment; or, that it was the understanding on both sides that the substantial benefits in the way of board and lodging received by the claimant were to constitute the entire remuneration for the services: *Disbrow v. Durand*, 54 N. J. L. 343, 24 Atl. 545, 33 Am. St. Rep. 678; *Williams v. Hutchinson*, 3 N. Y. 312, 53 Am. Dec. 301; 11 L. R. A. (N. S.) 879, Note.

■ As to the payments alleged to have been made by the claimant on behalf of the decedent, the case fails because there was no adequate corroboration of the claimant's testimony, as required by § 11-504, Oregon Code 1930.

For the reasons given the judgment is affirmed.

RAND, C. J., and BELT and BAILEY, JJ., concur.