127 P.2d 398

COUNTS v. WOODS.

No. 4667.

Supreme Court of New Mexico.

March 23, 1942.

Rehearing Denied July 16, 1942.

James M. H. Cullender, of Roswell, for appellant.

W. A. Dunn, of Roswell, for appellee.

Wilson & Wright, of Raton, amici curiae on motion for rehearing.

MOISE, District Judge.

This is a suit brought by appellee individually, and as administrator of the estate of his mother, Ida Counts, to collect an account from the appellant. The appellant attempted to set off an account alleged to have been owing to him by one Walter Counts, now deceased.

The parties stipulated the facts as follows: Walter Counts died intestate in March, 1939, and at the time of his death, appellant was indebted to him in the sum of $562.35, and that at the same time deceased was indebted to appellant in the sum of $558.00. The estate of Walter Counts was administered, and appellant did not present his claim for allowance during the statutory period, and the estate was closed. Ida Counts was his widow, and she died intestate in November, 1939. The appellee is the only surviving heir of Walter Counts and Ida Counts, and is the ad-

ministrator of the estate of Ida Counts. This suit having been brought by appellee, the appellant pleaded a set off of his account in the amount of $558. The Court concluded that the claim of appellant not having been presented and approved during the statutory period was barred and gave judgment for appellee.

The only question presented is whether or not presentation and approval of a claim against a deceased person is necessary in order to make the same available as a set off in a suit by the administrator or distributee of the estate of the person against whom the claim is asserted.

Appellant argues that Section 83-112 Comp.Stats.N.M.1929, preserves the right of set-off for claims barred by the statute of limitations, and asserts that this provision should apply in the instant case. Section 83-112 reads as follows:

"Set-offs and counterclaims. A set-off or counter claim may be pleaded as a defense to any cause or action, notwithstanding such set-off or counter claim may be barred by the preceding provisions of this chapter, if such set-off or counter claim so pleaded was the property or right of the party pleading the same at the time it became barred and at the time of the commencement of the action, and the same was not barred at the time the cause of action sued for accrued or originated; but no judgment for any excess of such set-off or counter claim over the demand of the plaintiff as proved shall be rendered in favor of the defendant."

The language of the section quoted is clear and unambiguous that the right of set-off is preserved only in those cases where limitations placed upon actions in the preceding sections of the same act apply. The limitation statute applicable to the filing and approval of claims against estates is an entirely different act, and could not by any possible reasoning be argued to be included within the "preceding sections" referred to in the section quoted.

The statute applicable to the filing of claims against estates is Section 47-505, Supp.Stats.N.M.1938, which reads as follows: "All claims against the estates of deceased persons not filed and notice given, as provided in the preceding section, within six months from the date of the first publication of notice of the appointment of the executor or administrator, shall be barred."

Appellant cites one case, Stiles v. Smith, 55 Mo. 363, 367, in support of his contention. The other cases cited involving set-offs of property pledged and the rule when estates are insolvent are not in point. The Missouri decision is based upon the view of the Court that where the administrator does not press the claim of the estate until after the claim held against it is barred, an unfair advantage would result if a set-off were not allowed, and that the statute did not contemplate such a result.

It seems to us that there is an obvious answer to this contention. The statutes contemplate that all claims should

be filed and notice given within a limited period or be barred. No special provision is made where accounts are owing by an individual to an estate, and in turn by the estate to the individual. However, for the account owing by the estate to remain collectible, the claim must be filed and notice given within the prescribed time. If this is not done, the claim against the estate is barred. When the claim is approved it can be set off against the account owing to the estate.

The means were available whereby appellant could have protected himself. Having failed to have his claim against the estate allowed he should not be heard to complain because he is now denied the benefits of this barred claim.

In the case of In re Baeza's Estate, 41 N.M. 708, 73 P.2d 1351, 1353, we had the following to say concerning the reasons for the rule: "Section 47-505 is a statute of limitations unequivocally barring all claims against the estates of deceased persons, which are not filed and notice given in the manner provided by section 47-504. The statute of nonclaim was enacted to apprise the administrator and the probate judge of claims against the estate of decedents and to facilitate the closing of decedent's estates with safety. The statute is mandatory. We have so held. In re Landers' Estate, 34 N.M. 431, 283 P. 49, 50."

We adhere to what we said there.

For the reasons stated, the judgment of the lower court will be affirmed, and it is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.