181 P.2d 806

**FLOYD v. TOWNDROW et al.**

No. 4935.

Supreme Court of New Mexico.
June 17, 1947.

See also 48 N.M. 444, 152 P.2d 391.

H. M. Rodrick, of Raton, for appellants.

L. S. Wilson, of Raton, for appellee.

COMPTON, Justice.

The last will and testament of Emma F. Towndrow was admitted to probate in the district court of Colfax County on removal from the probate court of that county on August 18, 1941; and Thomas Floyd was appointed and qualified as executor.

This action was brought by the executor in a separate proceeding in the district court of Colfax County, to recover principal, interest and attorney's fees alleged to be due on a promissory note in the principal sum of $2370, made by appellants (defendants) in deceased's lifetime and payable to her.

The appellants answered, admitting the execution and delivery of the note sued on, but as a defense pleaded an agreement wherein the deceased in her lifetime re-

leased and discharged appellants from their obligation to pay it, in consideration, it is said, of certain services performed, and material furnished by appellants.

As a counterclaim appellants alleged that deceased was indebted to them in the sum of $12,000, for which they prayed judgment, less any amount found by the court to be due by them on the note in suit. These claims had been filed with the executor in the probate proceedings but were not approved by him, or presented to the probate court for allowance. All defenses were denied in appellants' reply.

The court sustained appellee's motion to strike the amended counterclaim upon grounds hereafter stated. Thereafter the cause was submitted to a jury, and a directed verdict was returned in favor of the appellee, upon which judgment was entered.

■ It is asserted that the trial court erred in striking appellants' counterclaim and amended counterclaim, identical in effect. We are of the opinion that the trial court did not err. These claims, although duly filed in the probate proceeding, not having been allowed by the probate court, cannot be set off against the note sued on. That was our conclusion in Counts v. Woods, 46 N.M. 273, 127 P.2d 398, in which we said:

"* * * The only question presented is whether or not presentation and approval of a claim against a deceased person is necessary in order to make the same available as a set off in a suit by the administrator or distributee of the estate of the person against whom the claim is asserted.

"* * *' It seems to us that there is an obvious answer to this contention. The statutes contemplate that all claims should be filed and notice given within a limited period or be barred. No special provision is made where accounts are owing by an individual to an estate, and in turn by the estate to the individual. However, for the account owing by the estate to remain collectible, the claim must be filed and notice given within the prescribed time. If this is not done, the claim against the estate is barred. *When the claim is approved it can be set off against the account owing to the estate.*

"The means were available whereby appellant could have protected himself. Having failed to have his claim against the estate allowed he should not be heard to complain because he is now denied the benefits of this barred claim." (Emphasis ours.)

The trial court did not err in striking appellants' counter claim.

■ At the conclusion of the testimony of appellants the trial court sustained appellee's motion for an instructed verdict. This action of the court is assigned by appellants as error.

The appellants' testimony amply sustained their defense that the deceased had, in her lifetime, cancelled the note in suit, except as to the interest, in consideration of material furnished and services performed by the respective appellants.

Appellant Margaret F. Towndrow testified to her living in the home of the Towndrows since she was two and a half years of age until she was approximately twenty-one; how she had worked in the field; her lack of social life; her lack of opportunity for higher education and those many things a girl in her station in life should have. Appellants also testified that they were to be compensated from the Towndrow estate, upon the death of the survivor of them, for the material and services mentioned; that Emma F. Towndrow agreed to make her last will and testament, leaving the bulk of her estate to Margaret F. Towndrow and that Emma F. Towndrow did make a will in August, 1936, shortly after the death of Arthur Towndrow, which was declared invalid by reason of a subsequent will having been established. In re Towndrow's Will, 47 N.M. 173, 138 P.2d 1001.

The testimony of the appellants regarding the deceased's agreement to cancel the principal of the note in suit was not corroborated by any other testimony. Without such corroboration the defense must fail; as it is so provided by Sec. 20-205, N.M.1941 Comp., as follows:

"In a suit by or against the heirs, executors, administrators or assigns of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect to any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence."

■■ The evidence of the witnesses J. A. Douglas and Anna Douglas tends to corroborate appellants to the effect that Emma F. Towndrow promised to make a will and leave the bulk of her estate to appellant Margaret F. Towndrow.

But these matters are not a defense to this action; also they have been foreclosed by the probate of the last will of Emma F. Towndrow, deceased. See In re Towndrow's Will, 47 N.M. 173, 138 P.2d 1001.

The trial court correctly instructed the jury to return a verdict for appellee.

Finding no error in the record, the judgment is affirmed, and the cause remanded with directions to the district court to enter judgment in favor of plaintiff (appellee) and against the defendants (appellants) and the sureties on their supersedeas bond, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., did not participate.