Argued February 8, affirmed July 18, 1956

## TRUMBO *v.* TRUMBO ET AL
299 P. 2d 609

*William G. Dunlap,* Portland, argued the cause and filed a brief for appellant.

*Peter A. Schwabe* argued the cause for respondents. On the brief were Haas & Schwabe, Portland, and Robert McK. Gibson, Oswego.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff Fay Scott Trumbo, from a decree of the Circuit Court for Multnomah County, which dismissed the plaintiff's complaint and also the cross-complaint of the defendants, Dean Trumbo and the First National Bank of Portland. The defendants were the executors of the estate of Marcus Trumbo, deceased, who, prior to his death, was the plaintiff's husband. The decree was entered after trial. The defendants have not cross-appealed.

The plaintiff-appellant submits a single assignment of error, which follows:

"Appellant assigns as error the decree of the trial court, dismissing her Complaint, and not allowing recovery by appellant of all, or any part, of

the $7,493.07 paid by her on the promissory note of her husband and herself.''

The fundamental facts are not in dispute. August 23, 1951, the plaintiff and her husband signed the promissory note which is mentioned in the assignment of error. Its denomination was $12,000. December 19, 1951, approximately four months after the note was signed, the husband (Marcus) died. The note's payee was the defendant, the First National Bank of Portland. As we have seen, that bank is one of the two executors of the decedent's estate. The note was secured by a mortgage concurrently executed with it by husband and wife, which described a lot in Portland which was conveyed January 3, 1946, to the couple as tenants by the entireties. The note and the mortgage were executed by the Trumbos so as to obtain funds for the construction of a dwelling house upon their lot. Actually no more than $7,000 was advanced to them by the bank upon the note. All of it was employed in the construction of the house. August 11, 1952, the plaintiff paid the bank $270.38 upon the obligation, and January 6, 1953, after having completed and sold the house for $25,000, the plaintiff paid the balance, $7,222.69. The total paid was, therefore, $7,493.07.

February 21, 1953, the plaintiff filed a verified claim against the estate of her deceased husband in the amount of $3,746.53 and asked for its allowance on the basis of ''contribution and reimbursement.'' The claim was rejected and thereupon the plaintiff instituted the proceeding which gave rise to the decree challenged by this appeal.

The complaint alleges several of the facts above stated. When filed it demanded judgment for $3,746.53, but before trial the demand was amended to $7,493.07. When the amendment was made, the trial judge in-

quired of counsel for the plaintiff: "Would the Court have jurisdiction to allow more than the amount of the claim presented in the estate?" Presently he added: "It occurs to me that as a condition precedent to bringing suit, you must first present a claim." After some colloquy the trial judge said: "My only reason for calling it to your attention is that it is conceivable that you might prefer to take a voluntary non-suit so far as your claim is concerned and re-file in the Probate Court for the full amount and have that denied and institute a new suit." The suggestion was rejected.

In their answer, the defendants presented a counterclaim for $15,544.39. It was dismissed, but since no appeal has been taken from that ruling, we omit mention of details concerning the counterclaim.

The following is a copy of the note:

"$12,000.00 Portland, Oregon, August 23, 1951
"For value received, I promise to pay to the order of THE FIRST NATIONAL BANK of Portland, at its Main Branch, the sum of Twelve Thousand and no/100 . . . . . Dollars with interest thereon at the rate of 4½ per cent per annum from date until paid, in monthly installments of not less than $124.37 in any one payment, including the full amount of interest due on this note at time of payment of each installment. The first payment shall be made on the 5th day of January, 1952, and a like payment on the 5th day of each month thereafter until August 5, 1961 when the whole sum of principal and interest then unpaid shall be paid.

"If any of said installments are not so paid, the whole sum of both principal and interest shall become immediately due and payable at the option of the holder of this note. In case suit or action is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as the Court

may adjudge reasonable as attorney's fees in said suit or action.

Marcus Trumbo
Fay Scott Trumbo''

The plaintiff, in her brief, denominates her cause as a suit in equity for contribution. However, her complaint reads as an action on a rejected probate claim. We quote from the complaint:

"That plaintiff on or about February 21, 1953, filed her duly verified claim against the Estate of Marcus Trumbo, with defendant executors for contribution and reimbursement to the extent of one-half of the sum paid by her in settlement of said promissory note, or the sum of $3,746.52.

"The defendants rejected plaintiff's aforesaid claim.

"WHEREFORE, plaintiff demands judgment against the defendants in the sum of $7493.07 or such proportion as the court may deem equitable, with interest thereon at the rate of six (6%) per cent per annum from January 6, 1953, and for her costs and disbursements herein."

■ When the complaint is regarded as an action on a rejected probate claim, it is fatally defective. ORS 3.340 provides that in Multnomah county

"in a probate proceeding in which a claim is rejected by the executor or administrator, the claimant may present such claims to the circuit court, or a judge thereof, for allowance, as provided by ORS 116.525 and 116.530, or he may, and if such executor or administrator demand it in writing, he shall, in the first instance bring a separate plenary action or suit against such executor or administrator on the claim."

We call attention to the words "such claims" and "on the claim" that constitute parts of the quoted provision. Although the complaint here does not make it

entirely plain, it is apparent that plaintiff sought to bring herself within the second alternative. There is no evidence of compliance with ORS 116.525 and 116.530. The statutory language is very plain. The action against the executor must be upon the disallowed claim. Plaintiff cites *Branch v. Lambert,* 103 Or 423, 205 P 995, for the proposition, "It is sufficient if the claim shown by the evidence is substantially the claim presented to the administrator." That opinion, however, also says that "the claimant cannot recover on evidence showing an entirely different claim." Plaintiff's brief makes it manifest that the claim filed against the executors for one half the sum paid was based on a theory that she was a co-principal on the note. The prayer in the proceeding under review is for complete reimbursement on the theory that she was only a surety or an accommodation maker. Thus, the prayer was upon an entirely different claim than the one disallowed by the executors. ORS 121.090 says: "An action against an executor or administrator shall not be commenced until the claim of the plaintiff has been duly presented to the executor or administrator, and by him rejected." Plaintiff asserts in her reply brief that to have filed a new claim for the entire amount "seemed a useless proceeding." We think that that is no answer for failure to comply with the statutory requirements.

We have no doubt that a dismissal of the complaint for the above grounds on the defendants' motion would have been fully warranted. But the trial judge considered the equities of the prayer, found them lacking, and dismissed plaintiff's complaint for that reason. He probably treated the case, not as a resort to the court on a rejected probate claim, but as an equity suit. *In re Wells' Estate,* 187 Or 462, 212 P2d

729, expressed doubt as to whether "a proceeding on a claim against an estate can ever be a suit in equity." The cases are completely in agreement that such a cause is an action at law. *In re Hiller's Estate,* 171 Or 428, 137 P2d 928; *In re Patton's Estate,* 170 Or 186, 132 P2d 402; *In re Swank's Estate,* 163 Or 367, 97 P2d 723; *In re Anderson's Estate,* 157 Or 365, 71 P2d 1013; *In re Stout's Estate,* 151 Or 411, 50 P2d 768.

■ Thus statutes provide a remedy at law. The trial court apparently treated the case as an extra-statutory one in equity. Even if it could be conceived, which we cannot, that a claimant against an estate can bring such a proceeding, a review of the pleadings in this case reveals no assertion of inadequacy of the legal remedy and reveals no allegation of grounds for equitable jurisdiction.

Plaintiff has misconceived her case. The decree must be affirmed.