372 P.2d 831

Kathelyne PECK, Claimant, Plaintiff-Appellee,

v.

L. C. WRIGHT, as Executor of the Estate of A. R. Angier, Deceased, Defendant-Appellant.

No. 7045.

Supreme Court of New Mexico.

June 22, 1962.

Rehearing Denied July 17, 1962.

Dean S. Zinn, Santa Fe, for appellant.

Kool & Kool, Albuquerque, for appellee.

COMPTON, Chief Justice.

This appeal is from a judgment allowing a claim against the estate of A. R. Angier, deceased, and requires construction of Section 20–2–5, 1953 Compilation, as amended, Chapter 261, § 1, Laws 1959, which reads:

"In a suit by or against the heirs, executors, administrators or assigns of a deceased person, a claimant, interested or opposite party shall not obtain a judgment or decision on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is supported by some other material evidence tending to corroborate the claimant or interested person.".

Appellee's claim states that she "was employed on the sixth day of March, 1959, by A. R. Angier to manage the Coronado Motel, at 821 Cerrillos Road, Santa Fe, New Mexico, at the wage of $1.00 per hour, plus

lodging; that in fact the said claimant worked for one year, until the sixth day of March, 1960, at twenty-four hours per day, seven days per week, for fifty-two weeks, and was paid therefor the sum of $50.00 per week, leaving a balance due for services rendered of $6,240.00."

The appellee testified substantially as follows: That she was first employed by A. R. Angier on February 28, 1959 as a manager of the Coronado Motel on a temporary basis; that thereafter, on or about March 6, 1959, she was employed on an annual basis under an agreement by which she was to be paid for her services wages of $1.00 per hour, 24 hours daily, 7 days per week, and to be furnished a room at the motel; that she worked as manager of the motel until May 1, 1960, at which time A. R. Angier died; that she was only paid the sum of $50.00 weekly, and that there remains due her the amount of $6,136.00.

The foregoing evidence is not disputed; appellant contends, however, that appellee's testimony is not supported by some other material evidence tending to corroborate her, and that the judgment is not supported by substantial evidence.

Prior to the 1959 amendment, the statute required that the corroborating evidence be such as would, standing alone and unsupported by the evidence of the claimant, tend to prove the essential allegations or issues raised by the pleadings. Porter v. Porter, 65 N.M. 14, 331 P.2d 360. But this degree of proof is no longer required. Now a claimant may recover on his own evidence where it is supported by some other material evidence tending to corroborate the claimant. See the well written article by C. Leroy Hansen appearing in 1 Natural Resources Journal 189 of the University of New Mexico School of Law.

With regard to corroboration, several witnesses testified for the claimant, among whom was Margaret Owens, whose testimony is not contradicted. She testified that she was an employee of A. R. Angier while appellee was manager of the motel and that Angier stated to her that appellee was employed on a 24-hour basis at the rate of $1.00 per hour.

We deem the evidence substantial when all considered together. The corroborating evidence adequately satisfies the statute, and the judgment should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.

CARMODY and NOBLE, JJ., not participating.