420 P.2d 311

John H. LEE, Claimant-Appellee,

v.

Jeanine Adams GRUSCHUS, Executrix of
the Last Will and Testament of Jack
Adams, Deceased, Appellant.

No. 7907.

Supreme Court of New Mexico.

Oct. 3, 1966.

Rehearing Denied Nov. 30, 1966.

Stephenson & Olmsted, Santa Fe, for appellant.

Standley, Kegel & Campos, Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

From a judgment allowing appellee's claim against the estate of Jack Adams, deceased, the executrix appeals. Appellee's claim relates to 10 per cent interest in "net profits". of a highway project designated here as Job 81 allegedly due pursuant to contract. The trial court found the net profits of the job to be $305,416.19, and that appellee was entitled to $30,541.62, less certain set-offs of $6,961.97. Judgment was entered accordingly.

The thrust of the appeal is an attack on the judgment as not being supported by substantial evidence. Specifically, the appellant contends that the claim was not corroborated as required by § 20–2–5, N.M.S.A. 1953, as amended, Ch. 261, § 1, Laws 1959, New Mexico's so-called Dead Man's Statute, which reads:

> "In a suit by or against the heirs, executors, administrators or assigns of a deceased person, a claimant, interested or opposite party shall not obtain a judgment or decision on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is supported by some other material evidence tending to corroborate the claimant or interested person."

Appellee testified that he was employed by the deceased as superintendent both in the deceased's personal capacity as a general contractor for highway construction and on the Jack Adams Construction Company, Inc.; that the employment agreement provided that appellee was to receive a certain salary and annual bonus, plus 10 per

cent of the net profits arising out of projects superintended by him; that the net profits on Job 81 were $305,416.19.

■ The witness, Floyd Heer, who had been the general office manager and bookkeeper for both Jack Adams and his company and whose duties were to prepare profit sheets on Job 81, testified that the profit computation sheets were regular business records taken from the books of original entry on Job 81 prepared by him, and that the sole purpose of preparing the profit computation sheets was to determine appellee's share of 10 per cent. These sheets were received into evidence as Exhibit 4. The witness, Jack Gruschus, also an employee of Jack Adams, testified that Mr. Heer kept the Jack Adams Construction Company books on Job 81 and that Mr. Heer had prepared the profit sheets showing the profits on Job 81, and that he, Gruschus, computed therefrom the amount of $35,600.70 due the appellee. Incidentally, the witness Gruschus is a son-in-law of Jack Adams and is the husband of the appellant. Appellee testified that Adams had examined the profit sheets and that he had promised to pay the amount shown thereby. The evidence of Heer and Gruschus is material and goes to the core of the case; it adequately corroborates and supports the claimant's evidence. See Peck v. Wright, 70 N.M. 259, 372 P.2d 831. As to the admissibility of the profit sheets see § 20–2–12, N.M.S.A.1953. Also, see, McCormick, Evidence, § 281 (1954); and 5 Wigmore, Evidence, § 1522 (3d ed. 1940).

■■ Appellant wages an extensive and forceful attack upon the accuracy of the Job 81 profit sheets by comparing them with the profit sheets of Job 80, which joined and was being simultaneously constructed. She points to the testimony of Mr. Heer and Mr. Jack Gruschus wherein they both testified that the deceased had told them that the total cost of both projects would be "thrown together" in computing appellee's bonus. Job 80 was an 8.301 mile project of the Jack Adams Construction Company and Job 81 was an 8.903 mile project of the deceased in his personal capacity. Both projects were supervised by appellee. Appellant argues that if the finding of net profits on Job 81 of $305,416.19 is correct, then Job 80 lost $347,565.74. She also argues that similar construction conditions show these profit computation sheets to be inaccurate. The evidence as to Job 80 raised a conflict in the evidence and its weight was a matter for the trier of the facts, and the trial court obviously agreed with appellee. We have so many times stated that we will not weigh the evidence on review that citation of authorities is deemed unnecessary.

■ Appellant argues further that the theory of account stated was not pleaded and that appellee cannot recover thereon. We find this argument without force. The

finding of amount due was not based on account stated but was based upon appellee's testimony supported by the witnesses Heer and Gruschus.

Appellant argues that even if the profit sheets themselves are found to be of such accurateness that they lend credibility to appellee's testimony, still there is not sufficient corroboration under the statute, § 20–2–5, supra. This argument has been disposed of by what has been said.

■ Appellant contends that the appellee is estopped to assert any claim to a bonus on Job 81 because appellee remained in frequent contact with Mrs. Gruschus, the appellant, and her attorney after the death of Adams, and failed to inform anyone of his claim. It also appears that upon attempting to organize and finance another company, the Capitol Construction Company, appellee did not list the Job 81 bonus as an asset on his financial statement. Appellant now asserts that because of appellee's silence the estate was caused to change its position detrimentally by expending money and effort in organizing the latter company. We find this position without merit. It has long been the rule that reliance on a representation or concealment of a material fact must be shown by the one asserting the defense of estoppel, Chambers v. Bessent, 17 N.M. 487, 134 P. 237, and this has not been shown. We fail to see how appellant can rely on the doctrine when the profit sheets showing the amounts due were taken from the company records and have been in her possession at all times. The records of the company put her on notice of the true facts. Patten v. Santa Fe Nat. Life Ins. Co., 47 N.M. 202, 138 P.2d 1019; Torris v. Dysart, 72 N.M. 26, 380 P.2d 179.

■ The trial court refused various findings of facts and conclusions of law requested by appellant, and the ruling of the court is made a point on appeal. This claim of error must be rejected. The findings made were supported by substantial evidence; hence, the court's refusal to make findings and conclusions to the contrary was not error. Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1.

The judgment should be affirmed. It is so ordered.

NOBLE, J., and WALDO SPIESS, J., Court of Appeals, concur.