468 P.2d 879

**Harold WALLACE, Plaintiff-Appellant,**

**v.**

**Ralph WANEK, Administrator of the Estate of Izadore Frank, and David Schwartz, d/b/a Reliable Motors, Defendants-Appellees.**

**No. 427.**

Court of Appeals of New Mexico.
April 17, 1970.

H. Gregg Privette, Privette & Privette, Las Cruces, for appellant.

J. D. Weir and R. R. Regan, Las Cruces, for appellee Schwartz.

John M. Lenko, Crouch & Lenko, Las Cruces, for appellee Wanek.

## OPINION

WOOD, Judge.

Two issues are dispositive: (1) the deadman's statute, § 20–2–5, N.M.S.A.1953 (Supp.1969) and (2) whether plaintiff may obtain a review of the evidence as to agency.

Plaintiff testified that he delivered his car to Reliable Motors "to sell for me" on a commission basis. He dealt with Izadore Frank. He testified that he was advised, by Frank, " * * * to go ahead and sign the title, they would hold it in their safe, and date it when they sold the car." Plaintiff endorsed his title and delivered it to Frank. Plaintiff testified this procedure had been followed in the sale of two other automobiles. He testified to receiving several offers on the car with which this litigation is concerned, none of which were acceptable to him.

*Deadman's statute.*

Frank died. After his death, plaintiff learned that the car had been mortgaged and its title was held by a bank as security for the mortgage loan. Plaintiff sued the administrator of Frank's estate, alleging "That contrary to the terms of the agreement with plaintiff, Izadore Frank did wrongfully use said automobile as collateral for a loan. * * *"

At the close of plaintiff's case, the trial court dismissed the claim against the administrator. It held there was no corroboration of the claim as required by § 20–2–5, supra. Appealing this ruling, plaintiff claims there was sufficient corroboration.

Section 20–2–5, supra, states:

"In a suit * * * against the * * * administrators * * * of a deceased person, a claimant, * * * shall not obtain a judgment or decision on his own evidence, in respect of any matter occurring before the death of the deceased person,

unless such evidence is supported by some other material evidence tending to corroborate the claimant * * *."

Lee v. Gruschus, 77 N.M. 164, 420 P.2d 311 (1966); Peck v. Wright, 70 N.M. 259, 372 P.2d 831 (1962).

Plaintiff points out there is corroborating evidence that he endorsed and delivered the car title to Frank, that subsequently the car was mortgaged and the title given as security for the mortgage loan. He asserts that this evidence "tends to corroborate" his testimony. We disagree.

The claim against the estate is based on the asserted breach of the agreement between plaintiff and Frank. Section 20–2–5, supra, requires evidence tending to corroborate that transaction. The endorsement and delivery of the car title is neutral evidence; these facts tend to establish an outright sale of the car to Frank as much as they tend to establish a delivery of the title for convenience to Frank in effecting a commission sale. The mortgage of the car and the use of the car title as security does not tend to corroborate the transaction. Rather, this evidence tends to establish that the transaction was other than as plaintiff claims.

Plaintiff contends that Frank's possession of the car title is corroboration because: "* * * Having offered no evidence to explain possession of said title contrary to Plaintiff's Complaint, and having neither pleaded nor attempted to prove payment which is an affirmative defense, nor any other avoidance, there is no other explanation for Isadore [sic] Frank's possession of the title than that given by Plaintiff. * * *"

If plaintiff is contending that Frank's estate had a "burden of proof," the claim is without merit. He who alleges the affirmative must prove. J. A. Silversmith, Inc. v. Marchiondo, 75 N.M. 290, 404 P.2d 122 (1965); Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511 (1953). Before plaintiff can recover he must prove his case. Reagan v. El Paso & N. E. Ry. Co., 15 N.M. 270, 106 P. 376 (1910). Section

20–2–5, supra, does not place either the burden of producing evidence or the burden of persuasion on the decedent's estate. Compare Mayfield v. Keeth Gas Co., (Ct. App.), 81 N.M. 313, 466 P.2d 879, decided March 6, 1970. Section 20–2–5, supra, states that evidence tending to corroborate the claimant is necessary for recovery against the deadman's estate. Plaintiff was required to produce such supporting evidence in order to prove his case.

We agree there is no explanation for Frank's possession of the title other than that given by plaintiff. This being so, there is no evidence tending to corroborate the transaction between plaintiff and Frank. Plaintiff's claim against Frank's estate was properly dismissed for lack of the proof required by § 20–2–5, supra.

*Review of the evidence as to agency.*

Plaintiff's theory of Schwartz' liability is that Schwartz was the owner of Reliable Motors and Frank was his agent or employee. At the close of plaintiff's case, the trial court dismissed this claim, ruling that plaintiff had failed to prove the material elements of the claim.

Plaintiff appeals this ruling, claiming that Schwartz was estopped from denying that he was the owner of Reliable Motors. We do not decide this contention; rather, we assume it to be true.

Plaintiff next asserts that Schwartz is estopped to deny that Frank was his agent. In the alternative, he claims that he has "indisputably demonstrated" that Frank was the agent of Schwartz and "* * * was acting within the scope and apparent scope of his apparent and actual authority. * * *"

Whether plaintiff is correct in his contention as to agency requires a review of the facts—the facts giving rise to agency by estoppel, the facts establishing an actual agency, the facts on which to determine apparent or actual authority. A review of the facts is required to determine whether the trial court correctly dismissed the claim against Schwartz for failure of proof.

Plaintiff may not obtain such a review. The trial court dismissed the claim against Schwartz at the close of plaintiff's case. Its ruling was on the merits. Its authority for doing so is § 21–1–1(41) (b), N.M.S.A.1953; the 1969 amendment to this rule is not applicable. Although the case was decided on the merits, no findings of fact were made. However, none were requested. The effect is that findings were waived. Guidry v. Petty Concrete Company, 77 N.M. 531, 424 P.2d 806 (1967). Since findings by the court were waived, plaintiff may not obtain a review of the evidence to determine if there was a factual basis for his legal contentions. Robert E. McKee, Gen. Con., Inc. v. Bureau of Revenue, 80 N.M. 453, 457 P.2d 701 (1969); Speechly v. Speechly, 76 N.M. 390, 415 P. 2d 360 (1966).

The judgment of dismissal is affirmed. It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.